UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROBERT L. SPANN, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CV-352 RM |
| | ) | |
| FRANK CANARECCI, Sheriff, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Robert Spann, a prisoner currently confined at the Miami Correctional Facility, filed a complaint under 42 U.S.C. § 1983 alleging that St. Joseph County Jail officials violated his federally protected rights while he was confined there. This case is before the court on his amended complaint. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's

> notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Spann brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir.

2

1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Spann says he was a convicted felon while the events he complains of occurred. (Amended Complaint at p. 1). He alleges that when he returned to the jail from the Indiana Department of Correction on November 9, 2006, the Classification Director, Sergeant B. Schroeder, placed him "into 'administrative protective custody' because of sex offense charges." (Amended Complaint at p. 3). He further alleges that when he again returned to the jail on December 14, 2007, Sgt. Schroeder again placed him "into administrative protective custody because of sex offense charges," and that he remained there until his return to the Indiana Department of Correction on December 26, 2007. (Amended Complaint, pp. 3-4). Mr. Spann further alleges that on March 24, 2008, he was again transported to the jail for a court appearance, and that Sgt. Schroeder again placed him into administrative protective custody until he returned to the Miami Correctional Facility.

"The conviction (of a criminal defendant) has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons." Meachum v. Fano, 427 U.S. 215, 224 (1976). Subject only to Eighth amendment restrictions, "a state can confine a prisoner as closely as it wants, in

3

solitary confinement if it wants." Smith v. Shettle, 946 F.2d 1250, 1252 (7th Cir. 1991). The Fourteenth Amendment's due process clause does not protect against every change in the conditions of confinement having a substantial adverse impact on a prisoner, Sandin v. Conner, 515 U.S. 472, 484 (1995). A convicted prisoner is entitled to due process only when the conditions imposed work an atypical and significant hardship on him in relation to the ordinary incidents of prison life or where the discipline imposed infringed on rights protected by the due process clause of its own force.

Transferring a prisoner from the general population to a segregation unit does "not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," and is "within the expected parameters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. at 485. Accordingly, that Sgt. Schroeder may have placed Mr. Spann in administrative protective custody, rather than in general population, when he returned to the jail for court appearances after his initial conviction states no claim upon which relief can be granted.

In addition to complaining that Sgt. Schroeder had him placed in protective segregation because of his sex offender status, rather than in general population, Mr. Spann complains that on November 18, 2006, Sgt. Schroder assigned a non-sex offender as his cellmate. Mr. Spann states that he complained about his cellmate, and "classification realized their mistake, moved Willie Neal on Nov. 19, 2006, to another cell." (Amended Complaint at p. 3). He complains that Sgt.

4

Schroeder placed him "in danger by placing Willie Neal a non-sex offender in the same cell with the plaintiff," (Amended Complaint at p. 5), and asks for $100,000 in damages.

Mr. Spann doesn't allege that Mr. Neal actually threatened him or posed a specific threat to him, and Mr. Neal did not actually attack Mr. Spann. Accordingly, Mr. Spann suffered no actual injury from this incident, and fear of an injury that did not occur doesn't state a claim for damages. See Doe v. Welborn, 110 F.3d 520, 523-24 (7th Cir. 1997). Putting Mr. Neal in the same cell with Mr. Spann for one day may have been a mistake under the jail's policies, but even giving him the benefit of the inferences to which he is entitled at the pleadings stage, he states no Eighth Amendment claim for this incident.

Mr. Spann also asserts that twenty of the twenty-four inmates in the lockdown unit were "of color," and that Sgt. Schroeder "discriminates between blacks and whites by segregating the offenders, placing the blacks into segregation while placing whites into population." (Complaint at p. 4). He also complains that Sgt. Schroeder discriminates against black sex offenders by treating them differently than white sex offenders.

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 provides that prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Under § 1997e(a), a prisoner must exhaust available administrative remedies before bringing an action with respect to prison conditions. Booth v. Churner, 532 U.S. 731 (2001); Perez

5

v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). "§ 1997e applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), *quoting* Porter v. Nussle, 534 U.S. 516, 122 (2002).

Mr. Spann asserts that he grieved the issues he seeks to present to this court, but he hasn't attached copies of any grievances dealing with racial discrimination and racially segregated housing to his amended complaint. Solely for the purpose of this memorandum, the court will presume that he has exhausted his administrative remedies on these topics.

A court must analyze all racial classifications imposed by government under the strict scrutiny standard. Adarand Consturctors, Inc. v. Pena, 515 U.S. 200, 227 (1995). Under this standard, government officials have the burden of proving that racial classifications "are narrowly tailored measures that further compelling governmental interests." Id. at 227. Prison or jail officials who racially segregate prisoners must justify their actions under the strict scrutiny standard. Johnson v. California, 543 U.S. 449 (2005).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir.), cert. denied, 525 U.S. 973 (1998). quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Giving Mr. Spann the

6

benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that his claims of disparate racial treatment state no claim upon which relief can be granted.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants Frank Canarecci and B. Schroeder for damages, other than damages for mental or emotional injury, on his Fourteenth Amendment equal protection claim of systemic disparate treatment based on race while he was housed at the St. Joseph County Jail;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1); DISMISSES all other claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the defendants respond to the amended complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendants Canarecci and Schroeder on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and amended complaint.

SO ORDERED.

ENTERED: March __17__, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court