UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ROBERT L. SPANN, JR., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:07 CV 352 |
|  | ) |  |
| FRANK CANARECCI and | ) |  |
| SGT. B. SCHROEDER, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

Robert L. Spann, Jr., a *pro se* prisoner, was granted leave to proceed on a claim against Sgt. Belinda Schroeder, a guard at the St. Joseph County Jail, for violating his Fourteenth Amendment rights by placing him in segregation while placing similarly situated white inmates in the general population. (DE # 18.) He was also granted leave to proceed on a claim against the St. Joseph County Sheriff for maintaining an alleged policy of segregating inmates and treating black inmates more harshly than white inmates at the jail. (*Id.*) Spann now moves for summary judgment in his favor. (DE # 43.)

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986.) To determine whether a genuine issue of material

fact exists, the court must construe all facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion "may not rely merely on allegations or denials in its own pleading," but rather must introduce affidavits or other evidence that "set forth specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e). Summary judgment is not appropriate if the court must choose between competing inferences, nor can the court weigh the credibility of witnesses, since these are functions of a jury. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 627 (7th Cir. 2006); *Abdullahi v. City of Madison*, 423 F.3d 763, 770 (7th Cir. 2005).

Here, Spann has filed a two-page motion asserting that he is entitled to summary judgment. (DE # 43.) He does not provide a statement of material facts or any affidavits along with his motion, and there is no discovery on file in this case. Instead, Spann rests entirely on the allegations in his complaint to show that the defendants violated his constitutional rights. (*See id.*) The defendants oppose the motion and have submitted affidavits in support. (DE # 44, 45.) Sgt. Schroeder attests that she has never segregated inmates or discriminated against an inmate based on his race. (DE # 45, Schroeder Aff. ¶ 2.) The warden at the jail attests that there is not now and never has been an official

policy to segregate inmates or to treat black inmates more harshly than white inmates.[1] (DE # 45, Lawson Aff. ¶ 2.)

Even though Spann is proceeding *pro se*, he is subject to the same procedural requirements applicable to all other litigants. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009). He has not countered the affidavits submitted by the defendants with his own affidavit or any other evidence, and instead he continues to rest on the allegations contained in his complaint. (*See* DE # 46.) At this stage, the question is not whether Spann has adequately pled a claim, but whether he has *proved* that the defendants violated his Fourteenth Amendment rights with admissible evidence. Even if Spann submitted his filing in the form of an affidavit, it would be of little value since it contains improper legal conclusions, such as that the defendants "did in fact violate[] the 14th Amendment," rather than specific facts based on his own personal knowledge. (*See id.* at 2.) At the summary judgment stage, this is not sufficient. *See Payne v. Pauley*, 337 F.3d 767, 772-73 (7th Cir. 2003). As it stands, the only evidence before the court shows that Sgt. Schroeder did not discriminate against Spann based on his race and that there was no official policy at the jail to segregate inmates or discriminate against them based on race. Accordingly, Spann is not entitled to summary judgment.

---

[1] Frank Canarecci retired as sheriff in July 2010 and will be replaced by a newly elected sheriff in January 2011. (*See* DE # 45, Lawson Aff. ¶ 1.) Lawson attests that as the warden of the jail, she has direct first-hand knowledge of all policies and customs of the St. Joseph County Sheriff's office that pertain to operations at the jail. (*Id.*) The court finds that she is a competent witness on this issue.

In fact, the defendants argue that based on the evidence, *they* are entitled to summary judgment. (*See* DE # 44 at 3.) However, they did not file a formal cross-motion for summary judgment, nor did they provide Spann with the notice required in all *pro se* cases. *See* N.D. IND. L.R. 56.1(e); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). Although the current record would support the entry of summary judgment in the defendants' favor, given the procedural posture of the case it would not be proper for the court to grant this relief. In the interest of justice, the court will grant the defendants until January 10, 2010, to file a motion for summary judgment and to issue the notice required by Local Rule 56.1(e). If the defendants fail to file a motion by that date, this case will be set for trial.

For these reasons, the court:

(1) **DENIES** the plaintiff's motion for summary judgment (DE # 43); and

(2) **GRANTS** the defendants until January 10, 2010, to file a motion for summary judgment.

**SO ORDERED.**

Date: December 9, 2010

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT