## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

ROBERT L. SPANN, JR.,      )
                                     )
         Plaintiff,         )
                                       )
         v.                   )          No. 3:07 CV 352
                                       )
FRANK CANARECCI and      )
SGT. B. SCHROEDER,       )
                                       )
         Defendants.       )

## OPINION and ORDER

Robert L. Spann, Jr., a *pro se* prisoner, was granted leave to proceed on a claim

that Sgt. Belinda Schroeder, a guard at the St. Joseph County Jail, violated his

Fourteenth Amendment equal protection rights by placing him in segregation while

placing similarly situated white inmates in the general population. (DE # 18.) He was

also granted leave to proceed on a claim against the St. Joseph County Sheriff for

maintaining an alleged policy or custom at the jail of treating black inmates more

harshly than white inmates. (*Id.*) The defendants move for summary judgment. (DE

# 52.)

Summary judgment must be granted when "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." FED. R.

CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material

fact exists, the court must construe all facts in the light most favorable to the non-

moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must introduce affidavits or other evidence setting forth facts showing a genuine issue for trial. *See* FED. R. CIV. P. 56(e). To put it succinctly, summary judgment is the "put up or shut up moment" in the case when the non-moving party must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

The Fourteenth Amendment prohibits discrimination against prisoners on the basis of race. *Turner v. Safley*, 482 U.S. 78, 84 (1987). The defendants argue that Spann's Fourteenth Amendment claim fails because the undisputed evidence shows that Sgt. Schroeder did not discriminate against him based on his race, and that the jail does not have a policy or custom of discriminating against inmates on the basis of race. (DE # 53.) In support, the defendants submit affidavits from Sgt. Schroeder and Warden Julie Lawson. (DE ## 45, 54.) Lawson attests that there is not now and never has been an official policy or custom to segregate inmates or to treat black inmates more harshly than white inmates.[1] (DE # 45, Lawson Aff. ¶ 2.) Sgt. Schroeder attests that as a jail

---

[1] Frank Canarecci retired as sheriff in July 2010. (*See* DE # 45, Lawson Aff. ¶ 1.) Lawson attests that as the warden of the jail, she has direct first-hand knowledge of all policies and customs of the St. Joseph County Sheriff's office that pertain to operations at the jail. (*Id.*) The court finds that she is a competent witness on this issue.

officer she has never segregated inmates or made assignments based on an inmate's race. (DE # 45, Schroeder Aff. ¶ 2.)

Spann has filed a response to the motion, but he has not countered the affidavits submitted by the defendants with his own affidavit or any other evidence, and instead continues to rest on the allegations contained in his complaint. (*See* DE # 56.) At this stage, the question is not whether Spann has adequately pled a claim, but whether he can prove with admissible evidence that the defendants violated his equal protection rights.[2] *Goodman*, 621 F.3d 654. Spann has not come forward with any such evidence.

Spann does appear to request discovery from the defendants that he believes would support his claims. (DE # 56 at 2.) However, discovery closed more than six months ago, and Spann does not provide any explanation why he could not seek this information during the discovery period. Even though Spann is proceeding *pro se*, he is required to abide by the same procedural rules as all other litigants. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009). Moreover, the documents he references—assuming they exist—would not defeat the motion for summary judgment. Spann requests that the defendants produce "the rosters dated and timed when plaintiff was in the county jail for court appearances," and asserts, "The Court will note that two out of twenty-four offenders will be white

---

[2] Spann appears to argue that Sgt. Schroeder also violated his due process rights by placing him in segregation "without cause." (DE 56 # 2.) That was not a claim he was granted leave to proceed on in this case. As the court held in dismissing this claim at the screening stage (DE #18 at 4), an inmate's transfer to segregation does not trigger a due process liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995).

where as all others will be black or Hispanic." (DE #56 at 2.) Simple demographic data would not prove an equal protection violation, however, because this claim requires proof of intentional discrimination. *See Washington v. Davis*, 426 U.S. 229, 239-41 (1976); *see also David K. v. Lane*, 839 F.2d 1265, 1272 (7th Cir. 1988 ) (even if prison policies resulted in a disproportionate number of white inmates being held in the more restrictive setting of protective custody rather than the general prison population, equal protection claim by white prisoners failed because they presented no evidence that officials had a discriminatory motive in implementing those policies). Therefore, the court finds no basis to reopen discovery at this late date.

The undisputed evidence before the court shows that Sgt. Schroeder did not discriminate against Spann based on his race, and that there was no official policy or custom at the jail to discriminate against inmates based on their race. Accordingly, the defendants are entitled to summary judgment.

For these reasons, the court:

(1) **GRANTS** the defendants' motion for summary judgment (DE # 52); and

(2) **DIRECTS** the clerk to enter judgment in favor of the defendants.

**SO ORDERED.**

Date: March 14, 2011

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT